

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

ANTHONY SMITH
    Vs.                              C.A. No.      2016 CA 001499 B
DISTRICT OF COLUMBIA et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge RONNA L BECK
Date:  March 1, 2016
Initial Conference: 9:30 am, Friday, June 10, 2016
Location:  Courtroom 219
              500 Indiana Avenue N.W.

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

**Filed**
**D.C. Superior Court**
**03/16/2016 18:29PM**
**Clerk of the Court**

**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

_____Anthony Smith_____
Plaintiff

vs.

_District of Columbia_
Defendant

Case Number    2016 CA 001499 B

### SUMMONS

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_____Richard Tappan_____
Name of Plaintiff's Attorney

_1629 K Street NW, Suite 300_
Address
_Washington, DC 20006_

_(571) 216-9681_
Telephone

By _____
         Clerk of the Court
                    Deputy Clerk

Date    **03/15/2016**

如需翻译, 请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요        ያማሪኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

        IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                CASUM.doc





## TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

_____

                                        Demandante

contra

                                                        Número de Caso: _____

_____

                                        Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____              *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

                                              Por: _____
_____
Dirección                                                         Subsecretario

_____              Fecha: _____
Teléfono

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오    ፩ኛ፲፫፻ ፺ርፔ፻ ፟ምጣ፻፩ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

                                                                              CASUM.doc



**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Anthony Smith
_____
Plaintiff

vs.                                                      Case Number    2016 CA 001499 B

The District of Columbia, Serve: Karl A. Racine, A.G.
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Richard Tappan
_____
Name of Plaintiff's Attorney

1629 K Street NW, Suite 300
_____
Address

Washington, DC 20006
_____

(571) 216-9681
_____
Telephone

_Clerk of the Court_

By _____
                        Deputy Clerk

Date    03/15/2016

如需翻译, 请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요      ፕ ኣሚርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





## TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
Demandante

contra

Número de Caso: _____
_____
Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____
Nombre del abogado del Demandante

_____
Dirección

_____
Teléfono

*SECRETARIO DEL TRIBUNAL*

Por _____
Subsecretario

Fecha _____

如需翻译 请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면 (202) 879-4828 로 전화주십시오         የትርጉም እርዳታ ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA.   SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO.   SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| Anthony Smith | * | |
| 315 Anacostia Road SE | | |
| Washington, DC 20020 | * | |
| | | |
| Plaintiff, | * | |
| | | Case No.  2016 CA 001499 B |
| v. | * | |
| | | |
| District of Columbia, | * | |
| 441 4th Street NW, Suite 800S | | |
| Washington, DC 20001 | * | |
| | | |
| Muriel Bowser, | * | |
| 1350 Pennsylvania Avenue, NW | | |
| Washington, DC 20004 | * | |
| | | |
| Officer O'Mahoney, TDID #702498, | * | |
| Officer John Doe | | |
| 300 Indiana Ave NW #5059, | * | |
| Washington, DC 20001 | | |
| | * | |
| | | |
| Defendants. | * | |

## COMPLAINT

**COMES NOW** your Plaintiff Anthony Smith, by and through undersigned counsel,

Richard Tappan, Esq., and makes this Complaint against the above Defendants, and for cause

states as follows:

## INTRODUCTION AND PARTIES

1.      This is a civil action seeking compensatory and punitive damages against the Defendants for assault, battery, intentional infliction of emotional distress, and other tortious conduct all in violation of District of Columbia statutory laws, common law, and constitutional law.

2.      Jurisdiction of this Court is founded upon D.C. Code §11-921 and §13-423, and under 42 U.S.C. §1983.

3.      All of the acts complained of herein occurred within the District of Columbia.

4.      Anthony Smith ("Plaintiff" or "Mr. Smith") is a 50-year old African American resident of the District of Columbia.  Mr. Smith has no prior criminal record.

5.      Defendant Officer O'Mahoney, TDID #702498, is a Metropolitan Police Officer and was so at all times herein relevant. He is sued in this case in both his official and individual capacities.

6.      Defendant District of Columbia ("D.C.") is a municipal corporation organized pursuant to the laws of the United States.

## STATEMENT OF FACTS

7.      On February 27, 2015, at approximately 8 p.m., Mr. Smith was in the vicinity of the corner of 37th Street and Ely Place, SE, Washington D.C.

8.      Mr. Smith was sitting at a stoplight at that location in his vehicle, a 2002 Cadillac, and saw Defendant make a left turn up 37th Street.  At all times, Mr. Smith was obeying all pertinent traffic and safety laws and was in no way participating in any illegal activity.

9.      Mr. Smith then made a legal right turn at the stop light.

10.     After he turned, Defendant made a U-turn and began flashing his lights to Mr. Smith.

11.     Mr. Smith saw the lights, and sought a non-obstructive location to pull over.

12.     Once he found an unblocked location, he pulled over his vehicle.

13.     Defendant parked behind Mr. Smith's vehicle, exited his vehicle, and approached Mr. Smith from the vehicle's left-hand side.

14.     Defendant aggressively demanded that Mr. Smith roll down his window, but Mr. Smith told the officer that his car window motor was broken, and gestured to indicate as such.

15.     Defendant immediately became hostile, and told Mr. Smith that he would break the window, and brandished a police baton.

16.     Mr. Smith again tried to inform Defendant that his window motor was broken. Rather than permitting Mr. Smith to open the door himself, Defendant immediately thereafter opened the unlocked car door.

17.     Defendant pulled Mr. Smith out of the seat of his vehicle, and in the process struck Mr. Smith in the eye five to six times with a closed, gloved fist, after spraying him with pepper spray directly in the eyes, all while restraining him by grabbing onto his shoulder.  Mr. Smith offered no resistance nor made any disparaging remarks toward his assailant.

18.     At that point, Defendant then placed Mr. Smith on his knees and handcuffed him.

19.     At some point prior to Mr. Smith being handcuffed, around three to four additional officers had arrived.

20.     Mr. Smith was placed in a police cruiser, and was taken to United Medical Center, where he was treated for his injuries.

21.     Mr. Smith suffered a cut above his eye, an orbital fracture, and was concussed by the blows to his face.

22.     After UMC, the officers brought Mr. Smith to George Washington University hospital, while still in handcuffs.

23.     After the hospitals, Mr. Smith was taken to DC jail, where he stayed overnight and into the 28th of February, 2015.

24.     Mr. Smith was "no-papered" from the jail, and never appeared before a judge prior to his release from jail.

25.     Mr. Smith now suffers from unexplained headaches that were not present prior to the Defendant striking him in the face.

26.     Mr. Smith states that he suffers from mental trauma, including nightmares, and thinks about the attack every day.

27.     Mr. Smith has complied with the notice requirements under D.C. Code §12-309.

## Liability of the District of Columbia

28.     Defendant, who attacked and arrested Mr. Smith as described above, was and is an MPD Officer who acted under color of law and within the scope of his employment.

29.     The arrest and detention of Mr. Smith was caused by a District of Columbia policymaker or a District of Columbia officer exercising delegated policymaking authority, or were pursuant to a District of Columbia custom, policy, or practice of allowing police officers to arrest and detain civilians.

30.     Plaintiff suffered numerous injuries and damages, including but not limited to

following, as a direct and proximate result of the customs, policies, and practices of the MPD:

physical injury; mental anguish; and deprivation of freedom.

### COUNT 1: Assault

31.     Plaintiff incorporates by reference Paragraphs 1 through 30, as if fully set forth

and repeated herein.

32.     Defendant D.C.'s police officer, Officer O'Mahoney, without proper grounds,

willfully and maliciously struck Mr. Smith around his face and placed him in bonds.  This was

done so while Mr. Smith offered no immediate threat to anyone and while he was fully

complying with Defendant's demands.

33.     As a direct and proximate result of the willful, malicious, and intentional actions

of the officer, and due to the failure of the Officer John Does to prevent this illegal action from

taking place, Mr. Smith was put in apprehension of an unlawful battery and serious physical

harm.

34.     Said conduct was outrageous, intentional, wanton, and carried out with actual

malice, deliberate violence, with the intent to injure Mr. Smith, with willful disregard of his

rights, and with reckless disregard for his safety.

35.     As a result of Defendant's conduct and action, Mr. Smith has suffered and will

continue to suffer severe mental anguish, emotional distress, paid and personal injuries to his

body.

### COUNT 2: Battery

36.     Plaintiff incorporates by reference Paragraphs 1 through 35, as if fully set forth

and repeated herein.

37.     Defendant D.C.'s police officer, Officer O'Mahoney, without proper grounds, willfully and maliciously beat Mr. Smith around his face and placed him in bonds.  This was done so while Mr. Smith offered no immediate threat to anyone and while he was fully complying with Defendant's demands.

38.     As a direct and proximate result of the willful, malicious, and intentional actions of the officer, and due to the failure of the Officer John Does to prevent this illegal action from taking place, Mr. Smith suffered extensive damage to his person, including facial injuries, neurological damage, pain, and mental anguish that continues to date.

## COUNT 3: False Arrest

39.     Plaintiff incorporates by reference Paragraphs 1 through 38, as if fully set forth and repeated herein.

40.     Mr. Smith had done nothing that amounted to any probable cause to arrest or reasonable suspicion.

41.     Defendant, by striking Mr. Smith placing him in restraints, and then forcing him into his squad car, acted beyond the scope of his powers and without justification, and prevented Mr. Smith from moving.

42.     As a result, Mr. Smith was falsely arrested, and had his rights severely impinged.

## COUNT 4: False Imprisonment

43.     Plaintiff incorporates by reference Paragraphs 1 through 42, as if fully set forth and repeated herein.

44.    Mr. Smith had done nothing that amounted to any probable cause to arrest or reasonable suspicion.

45.    Defendant, in arresting Mr. Smith, acted under authority of his status as a police officer.

46.    Defendant, by striking Mr. Smith placing him in restraints, and then forcing him into his squad car, acted beyond the scope of his powers and without justification.

47.    As a result, Mr. Smith was falsely imprisoned, and had his rights severely impinged.

## COUNT 5: Negligence

48.    Plaintiff incorporates by reference Paragraphs 1 through 47, as if fully set forth and repeated herein.

49.    At all relevant times herein, D.C. had a duty to employ only reasonable measures in their interaction with and treatment of Mr. Smith.

50.    In disregard of said duties, Defendant and D.C. through its employees and/or agents negligently took police action in viciously striking Mr. Smith while he was complying with the Defendant's demands, and therefore used unlawful, excessive, and unreasonable force on Mr. Smith, since no force whatsoever was warranted under the circumstances.

51.    D.C., acting under color of law, approved and/or condoned the negligent actions of Defendant, and thus any and all liability for the actions of Defendant is imputed to D.C.

52.    As a direct and proximate result of the negligence of Defendant and D.C., Mr. Smith was severely injured and continues to suffer the adverse effects mentioned above.

## COUNT 6: Negligent Training and Supervision

53.     Plaintiff incorporates by reference Paragraphs 1 through 52, as if fully set forth and repeated herein.

54.     At all times relevant herein, Defendant was acting under the direction and control, and pursuant to the rules, regulations, policies, and procedures of D.C.

55.     D.C. acted negligently and with deliberate indifference by its continued failure to supervise, properly train, control, direct, and monitor officers in their duties and responsibilities. Specifically here, D.C. failed to place guidelines, rules, or regulations which would have guided the conduct of officers who make traffic stops.

56.     D.C., though aware of this problem, has failed to take steps to alleviate this problem.

57.     As a direct and proximate result of the acts and omissions of D.C., Mr. Smith suffered severe injuries as stated above.

## COUNT 7: Negligent Hiring

58.     Plaintiff incorporates by reference Paragraphs 1 through 57, as if fully set forth and repeated herein.

59.     At all times relevant herein, D.C. did employ agents, employees, officers, staff, administrators, representatives, servants and maintenance personnel, and said Defendant exercised jurisdiction and control over the procedures which said agents, employees, officers, staff administrators, representatives, servants and maintenance personal had the privilege to perform. D.C. determined the qualifications and lack of qualifications of said personnel relating

to those duties which were devised by D.C. for the agents, employees, officers, staff, administrators, representatives, servants and maintenance personnel.

60.    At all relevant times D.C. negligently hired, trained, supervised and/or retained its employee, servant, staff member or agents, who inflicted the severe injuries upon Mr. Smith.

61.    D.C., with the assistance of its employees and agents, allowed for the severe injuries complained of, and did so with deliberate indifference to Mr. Smith's wellbeing.

62.    As a direct and proximate result of D.C.'s negligence, Mr. Smith suffered bodily injury that is permanent within a reasonable degree of medical probability and resulting pain and suffering, mental anguish. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

## COUNT 8: Deprivation of Civil Rights, 42 U.S.C. §1983

63.    Plaintiff incorporates by reference Paragraphs 1 through 62, as if fully set forth and repeated herein.

64.    Mr. Smith further alleges that Defendant, with deliberate indifference to and reckless disregard for the safety and well-being of Mr. Smith, and in violation of the 4th and 5th Amendments to the Constitution, did commit acts which deprived Mr. Smith of his Constitutional rights without affording him due process of law.

65.    As a direct and proximate result of the actions of Defendant, Mr. Smith was injured and suffered deprivation of his personal freedom and property under the color of police action.

## COUNT 9: Intentional Infliction of Emotional Distress

66.    Plaintiff incorporates by reference Paragraphs 1 through 65, as if fully set forth and repeated herein.

67.    Defendant engaged in outrageous conduct towards Mr. Smith by striking him with no justification for doing so, and with the intention to cause or with reckless disregard for the probability of causing Mr. Smith to suffer severe emotional distress.

68.    Defendant committed the acts alleged maliciously and oppressively, with the wrongful intention of injuring Mr. Smith, from an improper and cruel motive amounting to malice and in conscious disregard of Mr. Smith's rights, entitling Mr. Smith to recover punitive damages.

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment against Defendants and the District of Columbia, and each of them, for:

1.    General, compensatory, and special damages to be proven at trial but amounting to at least $2,000,000;

2.    Punitive Damages to be proven at trial;

3.    Reasonable attorney's fees and costs;

4.    Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully Submitted,


Richard Tappan, Esq.
Bar #499813
1629 K St., NW, Suite 300
Washington, DC 20006
(571) 276-9681
rich.tappan@gmail.com
*Counsel for Plaintiff*


## Verification of Complaint

I, ANTHONY SMITH, being duly sworn under oath, solemnly swear or affirm under criminal penalties for the making of a false statement that I have read and signed the foregoing and that the factual statements made in it are true to the best of my personal knowledge, information, and belief.

___2/29/16___
Date

___/s/Anthony Smith_____
Anthony Smith, Plaintiff

Filed
D.C. Superior Court
02/29/2016 21:59PM
Clerk of the Court

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

*Anthony Smith*

vs

*District of Columbia, et al.*

Case Number: __2016 CA 001499 B__

Date: __2-28-16__

☑ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)*  Richard J. Tappan | Relationship to Lawsuit |
| Firm Name:  The Law Office of Richard J. Tappan | ☑ Attorney for Plaintiff |
| Telephone No.:  571-276-9681   Six digit Unified Bar No.:  499813 | ☐ Self (Pro Se) |
| | ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury      ☐ 6 Person Jury      ☑ 12 Person Jury

Demand: $ __2,000,000.00__      Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____   Judge: _____   Calendar #:_____

Case No.:_____   Judge: _____   Calendar#:_____

---

NATURE OF SUIT:     *(Check One Box Only)*

**A. CONTRACTS**

COLLECTION CASES

- ☐ 01 Breach of Contract
- ☐ 02 Breach of Warranty
- ☐ 06 Negotiable Instrument
- ☐ 07 Personal Property
- ☐ 13 Employment Discrimination
- ☐ 15 Special Education Fees

- ☐ 14 Under $25,000 Pltf. Grants Consent
- ☐ 17 OVER $25,000 Pltf. Grants Consent
- ☐ 27 Insurance/Subrogation
       Over $25,000 Pltf. Grants Consent
- ☐ 07 Insurance/Subrogation
       Under $25,000 Pltf. Grants Consent
- ☐ 28 Motion to Confirm Arbitration
       Award (Collection Cases Only)

- ☐ 16 Under $25,000 Consent Denied
- ☐ 18 OVER $25,000 Consent Denied
- ☐ 26 Insurance/Subrogation
       Over $25,000 Consent Denied
- ☐ 34 Insurance/Subrogation
       Under $25,000 Consent Denied

**B. PROPERTY TORTS**

- ☐ 01 Automobile
- ☐ 02 Conversion
- ☐ 07 Shoplifting, D.C. Code § 27-102 (a)

- ☐ 03 Destruction of Private Property
- ☐ 04 Property Damage

- ☐ 05 Trespass

**C. PERSONAL TORTS**

- ☐ 01 Abuse of Process
- ☐ 02 Alienation of Affection
- ☑ 03 Assault and Battery
- ☐ 04 Automobile- Personal Injury
- ☐ 05 Deceit (Misrepresentation)
- ☐ 06 False Accusation
- ☐ 07 False Arrest
- ☐ 08 Fraud

- ☐ 10 Invasion of Privacy
- ☐ 11 Libel and Slander
- ☐ 12 Malicious Interference
- ☐ 13 Malicious Prosecution
- ☐ 14 Malpractice Legal
- ☐ 15 Malpractice Medical (Including Wrongful Death)
- ☐ 16 Negligence- (Not Automobile,
       Not Malpractice)

- ☐ 17 Personal Injury- (Not Automobile,
       Not Malpractice)
- ☐ 18 Wrongful Death (Not Malpractice)
- ☐ 19 Wrongful Eviction
- ☐ 20 Friendly Suit
- ☐ 21 Asbestos
- ☐ 22 Toxic/Mass Torts
- ☐ 23 Tobacco
- ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE        IF USED

CV-496/June 2015

# Information Sheet, Continued

## C. OTHERS

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability

- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

## II.

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-1 (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

## D. REAL PROPERTY

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted



_____
Attorney's Signature

$2-28-16$
_____
Date

CV-496/ June 2015

## AFFIDAVIT OF PROCESS SERVER

### Superior Court of the District of Columbia
### Civil Division

RECEIVED
SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA

2016 MAR 22 PM 5: 07

**Anthony Smith**

       Plaintiff(s),

VS.

**District of Columbia, et al**

       Defendant(s).

Attorney: Richard J. Tappan

Richard J. Tappan
1629 K Street, N.W., Suite 300
Washington DC 20006

FILED
CIVIL ACTIONS BRANCH

MAR 22 2016

Superior Court of the
District of Columbia
Washington, D.C.

*200636*

**Case Number: 2016 CA 001499 B**

Legal documents received by Same Day Process Service, Inc. on **03/17/2016** at **10:05 AM** to be served upon **The District of Columbia, by serving Karl A. Racine, Attorney General at 441 4th Street NW, Suite 800 S, Washington, DC 20001**

I, **Robert Briggs-Snodgrass**, swear and affirm that on **March 18, 2016** at **3:15 PM**, I did the following:

Served **The District of Columbia, by serving Karl A. Racine, Attorney General** by delivering a conformed copy of the **Initial Order and Addendum; Summons (English and Spanish Versions); Complaint; Information Sheet** to **Darlene Fields** as **Staff Assistant & Authorized Agent of The District of Columbia, by serving Karl A. Racine, Attorney General at 441 4th Street NW, Suite 800 S , Washington, DC 20001.**

**Description of Person Accepting Service:**
Sex: Female Age: 45 Height: 5ft4in-5ft8in Weight: 131-160 lbs Skin Color: Brown Hair Color: Black

**Supplemental Data Appropriate to this Service:**

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

**Robert Briggs-Snodgrass**
Process Server

**Same Day Process Service, Inc.**
**1413 K St., NW, 7th Floor**
**Washington DC 20005**

**(202)-398-4200**

Internal Job ID: **200636**

District of Columbia: SSC
Subscribed and Sworn to before me
this 21st day of March 2016

Castina Jewel Watson Notary Public, D.C.
My commission expires August 31 2020

## AFFIDAVIT OF PROCESS SERVER

Superior Court of the District of Columbia
Civil Division

SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA

2016 MAR 22 PM 5: 04

| | |
|---|---|
| **Anthony Smith** | Attorney: Richard J. Tappan |
| Plaintiff(s), | Richard J. Tappan |
| VS. | 1629 K Street, N.W., Suite 300 |
| | Washington DC 20006 |
| **District of Columbia, et al** | |
| Defendant(s). | |

FILED
CIVIL ACTIONS BRANCH

MAR 22 2016

Superior Court of the
District of Columbia
Washington, D.C.

*200638*

**Case Number: 2016 CA 001499 B**

Legal documents received by Same Day Process Service, Inc. on **03/17/2016** at **10:07 AM** to be served upon **The District of Columbia, by serving Mayor Muriel Bowser at 441 4th Street NW, Suite 800 S, Washington, DC 20001**

I, **Robert Briggs-Snodgrass**, swear and affirm that on **March 18, 2016** at **3:15 PM**, I did the following:

Served **The District of Columbia, by serving Mayor Muriel Bowser** by delivering a conformed copy of the **Initial Order and Addendum; Summons (English and Spanish Versions); Complaint; Information Sheet to Darlene Fields** as Staff Assistant & Authorized Agent of **The District of Columbia, by serving Mayor Muriel Bowser** at **441 4th Street NW, Suite 800 S , Washington, DC 20001.**

**Description of Person Accepting Service:**
Sex: Female Age: 45 Height: 5ft4in-5ft8in Weight: 131-160 lbs Skin Color: Brown Hair Color: Black

**Supplemental Data Appropriate to this Service:**

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

**Robert Briggs-Snodgrass**
Process Server

**Same Day Process Service, Inc.**
**1413 K St., NW, 7th Floor**
**Washington DC 20005**

**(202)-398-4200**

Internal Job ID: **200638**

District of Columbia: SS
Subscribed and Sworn to before me
this _____ day of _____ 2016

Castina Jewel Watson - Notary Public, D.C.
My commission expires August 31, 2020