UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:16-CV-00724-APM |
| ) | |
| DISTRICT OF COLUMBIA, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND JOIN DEFENDANTS**

Based on additional facts and information provided by Defendants' testimony and discovery responses, Mr. Smith seeks leave of this Court to add three new Defendants and to remove Defendant Officer John Doe. Mr. Smith also seeks to add greater specificity as to the allegations of each Defendant's part in violating his rights on or about February 27, 2015.

**I.   PROCEDURAL BACKGROUND**

Plaintiff filed the original Complaint on February 29, 2016 with the Superior Court of the District of Columbia, alleging that Defendant O'Mahoney violated his rights and caused him injury during a traffic stop on or about February 27, 2015. Plaintiff's Original Complaint named four defendants: the District of Columbia, Mayor Muriel Bowser, Officer O'Mahoney and Officer John Doe ("Original Defendants"). At the time, Plaintiff did not know the identity of Officer John Doe or the identities of other officers who were involved in violating his rights. On April 18, 2016, Defendants removed this case to the U.S. District Court for the District of Columbia. On April 25, 2016, Original Defendants filed their Motion to Dismiss (Doc. No. 4) and Answer to Complaint (Doc. No. 5). On June 6, 2016, Plaintiff, with leave of this Court, filed his Amended Complaint (Doc. No. 15). On June 23, 2016, Original Defendants filed a Motion to

1

Dismiss (Doc. No. 16) and Answer to the Amended Complaint (Doc. No. 17). On October 7, 2016, this Court entered and a Memorandum and Order dismissing Plaintiff's claims against Defendant O'Mahoney in his official capacity, claims for punitive damages, Count 5 and Count 7 of Plaintiff's Amended Complaint and dismissed Count 8 and Count 6 in part, allowing Plaintiff's claims therein to stand with regard to the District's failure to discipline Defendant O'Mahoney for past instances of unconstitutional assaultive and harassing conduct the District knew or should have known about. The parties have exchanged interrogatories, requests for production, and Mr. Smith, Officer Conor Church and Agent Monique Ceasar have been deposed. The parties are in the process of settling on a date for Plaintiff to depose Defendant O'Mahoney.

During the course of discovery which has taken place since the Court entered its October 7, 2016 Order dismissing the above-referenced counts, the identity of three additional Defendants has come to light. Mr. Smith has been able to ascertain the identity of these proposed Defendants only after he was permitted to move forward with discovery, which commenced after the Court decided the Motion to Dismiss. Accordingly, the Court should permit Mr. Smith to join proposed Defendants whose identities are now known.

## II. ROLES OF ORIGINAL DEFENDANTS AND PROPOSED DEFENDANTS
### A. ORIGINAL DEFENDANTS

Plaintiff's Amended Complaint includes one municipality, the District of Columbia and two individuals, Officer O'Mahoney and Officer John Doe. Through the proposed Second Amended Complaint, Plaintiff seeks to remove Office John Doe and replace him with Officer Conor Church. Plaintiff seeks to add Officer Sarah Hillman and Sergeant Bret Parson (collectively with Officer Church referred to hereafter as "Proposed Defendants"). All three Proposed Defendants

are sworn law enforcement officers who were employed by the District of Columbia's Metropolitan Police Department on or about February 27, 2015, the date Plaintiff alleges his rights were violated. As described in more detail below, the disclosures made by Original Defendants shows that proposed Defendants Church and Hillman were present with Defendant O'Mahoney throughout the traffic stop, that Church pepper sprayed Plaintiff, and together with O'Mahoney took him to the ground and hand-cuffed him. As outlined in the attached proposed Second Amended Complaint, the disclosures also demonstrate that Proposed Defendant Hillman was standing adjacent to Church and O'Mahoney and issued verbal commands to Plaintiff and helped place him under arrest. Proposed Defendant Hillman also detained Plaintiff afterwards. The disclosures further show that Sergeant Parson arrived on the scene minutes later and helped O'Mahoney, Church and Hillman fabricate baseless charges in a poor attempt to cover their violation of Plaintiff's rights.

**B.  PROPOSED DEFENDANTS' TORTIOUS CONDUCT**

Through case proceedings, discovery and deposition testimony, Plaintiff received additional facts and information regarding Original Defendant O'Mahoney and Proposed Defendants part in the traffic stop and arrest that is the basis of Plaintiff's claims. The following non-exhaustive list of facts and information, coupled with Plaintiff's allegations in the Amended Complaint, form the factual basis for Plaintiff's Second Amended Complaint:

1. On or about February 27, 2015, Officer O'Mahoney initiated a traffic stop of Plaintiff.
2. Officers Church and Hillman were riding in a marked MPD unit and were patrolling the same geographic area as O'Mahoney.

3. Officers Church and Hillman were traveling down 37th Street SE toward Officer O'Mahoney as he exited his MPD unit and approached Plaintiff's vehicle to make initial contact with him.

4. Officer Church and Hillman saw the blue emergency lights of Officer O'Mahoney's police unit flashing and decided to drive down the street to his location to see what was happening.

5. As they approached, they saw O'Mahoney exit his vehicle and decided to assist him with the traffic stop.

6. Officers Church and Hillman together with O'Mahoney approached the driver's side of Plaintiff's vehicle.

7. Officers O'Mahoney and Church laid hands on Plaintiff and wrested him from the car. Officer O'Mahoney struck Plaintiff in the face multiple times causing Plaintiff to fall to his knees.

8. Officer Church sprayed Plaintiff in the face with pepper spray during the assault.

9. Officers O'Mahoney and Church forced Plaintiff to lay on the ground with his stomach facing down and placed Plaintiff in handcuffs.

10. Officer Hillman assisted O'Mahoney and Church by providing verbal commands to the Plaintiff.

11. After Officers O'Mahoney, Church and Hillman placed Plaintiff under arrest, O'Mahoney contacted the MPD dispatchers and requested that a supervisory officer respond to the scene.

12. MPD Sergeant Bret Parson was dispatched to the scene and arrived a short time later.

13. Once on the scene, Sergeant Parson spoke with Officer O'Mahoney and Plaintiff and took pictures of Plaintiff's face, including his bloody and swollen left eye.

14. Sergeant Parson then huddled with Officers O'Mahoney, Church and Hillman to invent a list of criminal charges they could bring against Plaintiff to justify their violation of his rights and the injuries they had inflicted upon him.

15. After Sergeant Parson and the other three officers agreed on the charges, Parson gave instructions that Plaintiff should be taken to the 6th District police station before being given medical care at a hospital.

The facts and information detailed above warrant adding Officer Conor Church, Officer Sarah Hillman and Sergeant Bret Parson as Defendants in this matter. Additionally, Defendant Officer John Doe should be dismissed from this matter now that the identities of the additional offending officers has been ascertained through discovery.

## III. LEGAL STANDARD AND ARGUMENT

### A. Court's Leave to Amend Freely Given

FRCP 15 provides that a party may amend its pleading with the court's leave and that the court, "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, the court has discretion to grant or deny a request for leave to file an amended pleading. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971) ("It is settled that the grant of leave to amend a pleading pursuant to Rule 15(a) is within the discretion of the trial court."); *see also Doe v. McMillan*, 566 F.2d 713, 720 (D.C. Cir. 1977) ("[t]he decision to grant of deny leave to amend, however, is vested in the sound discretion of the trial court."). "Rule 15 mandates that leave is freely given 'when justice so requires.'" *Wiggins v. Dist. Cablevision, Inc.*, 853 F.Supp. 484, 499 n. 29 (D.D.C. 1994). "[I]t is well settled that the Federal Rule of Civil Procedure are to

5

be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits and to dispense with the technical procedural problems and thus that amendments pursuant to Rule 15(c) should be freely allowed." *Bayatfshar v. Aeronautical Radio, Inc.*, 934 F. Supp. 2d 138, 145 (D.D.C. 2013).

"If the underlying facts or circumstance relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Denial of leave to amend therefore constitutes an abuse of discretion unless the court gives sufficient reason, such as futility of amendment, undue delay, bad faith dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments. *Bancoult v. McNamara*, 214 F.R.D. 5, 8, 2003 U.S. Dist. LEXIS 4370 (D.D.C. 2003). "Although undue delay can be grounds for denial, in most cases delay alone is not sufficient reason for denying leave [to amend the complaint]." *Doe v. District of Columbia*, 815 F. Supp. 2d 208, 215 (D.D.C. 2011). Given the liberal standard under Rule 15(a), the party opposing the amendment bears the burden of coming forward with a colorable basis for denying leave to amend. *Abdullah v. Washington*, 530 F. Supp. 2d 112, 115 (D.D.C. 2008).

Here, allowing Plaintiff to file the proposed Second Amended Complaint would serve justice and promote judicial efficiency. As detailed above, the proposed Second Amended Complaint seeks to identify the previously unknown Defendants, two of whom assisted in Defendant O'Mahoney's attack, which is the basis for Plaintiff's claims, and the third who was also present and planned and directed the charges which led to Plaintiff's continued detention and imprisonment. Adjudicating the claim with respect to all proper parties from the singular transaction or occurrence will prevent the need for potential future litigation or appeal with respect to those parties.

In the instant matter, there is no bad faith or dilatory motive by Plaintiff. Furthermore, there is no undue delay as Plaintiff learned the identities of the three proposed Defendants and their role in his ordeal only after receiving discovery responses, conducting the depositions of Monique Caesar and Defendant Church on April 25, 2017, and through independent investigation. Plaintiff's proposed Second Amended Complaint is supported by facts and information uncovered by Plaintiff through discovery and provided by the original Defendants after their Motion to Dismiss. Moreover, Plaintiff's (first) Amended Complaint could not have cured the absence of Proposed Defendants because their identities were not known until recently through discovery.

    *i.   Undue Prejudice*

There will be no substantial or undue prejudice to the original Defendants. The issue of prejudice requires a court to focus on the hardship to the Defendants if the amendments are permitted; specifically, the court has to consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or theories." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3rd Cir. 2001). "Undue prejudice is not mere harm to the non-movant but a denial of the opportunity to present facts or evidence which would have been offered had the amendment been timely." *Dove v. Wash. Metro. Area Transit Auth.*, 221 F.R.D. 246, 248 (D.D.C. 2004). The D.C. Circuit has also considered whether a long-delayed amendment to the complaint constitutes undue prejudice when allowing the amendment would require the parties to engage in additional discovery. *See Alley v. Resolution Trust Corp.*ee, 984 F.2d 1201, 1208, 299 U.S. App. D.C. 363 (D.C. Cir. 1993). In practice, the D.C. Circuit has construed "long delay" to be a delay of years in seeking the amendment rather than mere weeks or months. *See Williamsburg Wax Museum v. Historic Figures, Inc.*, 810 F.2d 243,

247 (D.C. Cir. 1987) (affirming a district court's denial of leave to amend, over seven years after the filing of the initial complaint, where new discovery would be necessary). Undue prejudice does not occur merely because the non-moving party will be required to respond to additional discovery when the new discovery is closely related to that which has already gone on. *See Doe v. District of Columbia,* 815 F. Supp. 2d at 217 (holding that the District of Columbia was not prejudiced by an amendment which would result in the District having to respond to additional discovery, as the plaintiff's new allegations would not substantially alter the District's Discovery because the new allegations covered the same factual circumstances found in the original complaint).

Here, the District likewise will not be prejudiced by Plaintiff's proposed amendments to his Complaint because all of the amendments relate to the traffic stop and conduct of the Defendants directly following the stop. The circumstances of the proposed amendments are the same as those in the original allegations and the Proposed Defendants are all persons the District disclosed through their discovery and whom the District has already agreed to allow Plaintiff to depose.

    ii.  *Futility*

Futility to amend is grounds for a district court to deny a motion for leave to amend. *Foman*, 371 U.S. at 182. "[A] district court has discretion to deny a motion to amend on grounds of futility where the proposed pleading would not survive a motion to dismiss." *Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.*, 366 F.3d 930, 945 (D.C Cir. 2004), *cert. denied*, 545 U.S. 1104 (2005). "Review for futility is practically 'identical to review of a Rule 12(b)(6) dismissal based on the allegation in the amended complaint.'" *Council on American-Islamic Rels. Action Network, Inc. v. Gaubatz*, 793 F. Supp. 2d 311, 321-22 (D.D.C. 2011).

Here, Plaintiff is not adding causes of action but merely adding Proposed Defendants and an additional degree of specificity to the allegations already made. This Court has previously tested the sufficiency of the allegations and causes of action in the Amended Complaint and found that the claims not dismissed are well pled and thus should not be dismissed. As Plaintiff's proposed Second Amended Complaint maintains the same causes of action and relates to the same factual circumstances, his amendments are not futile and would survive a motion to dismiss.

**B. Relations Back of Proposed Amendments**

After deciding that justice requires allowing an amended pleading, the court must decide whether the amendments relate back to the date of the original pleading. FRCP 15(c)(1) states that an "amendment to a pleading relates back to the date of the original pleading when: (A) the law that allows the applicable statute of limitations allows relation back; [or] if made outside the applicable state of limitations] (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out— in the original pleading." Fed R. Civ. P. 15(c)(1)(A) and (B). The Federal Rules of Civil Procedure itself explains the intention of FRCP 15. As explained in the 1966 Amendment to FRCP 15, the problem with relation back arises "most acutely by private parties against officers or agencies of the United States." Further, the 1991 Amendment to FRCP 15 elucidates the genesis of FRCP 15(c)(1)—a new provision added by the 1991 Amendment—as follows: 15(c)(1) is "intended to make it clear that the rule does not apply to preclude any relation back that may be permitted under the applicable limitations law."

Here, D.C. Code 12-301(8) provides the that applicable statute of limitations for Count Six, Count 8, Count 9, and Count 10 of the (first) Amended Complaint is three years. Plaintiff's claims stem from the traffic stop and subsequent acts of Defendants which occurred on or about

9

February 27, 2015. Based on this, Rule 15(c)(1)(A) allows relation back as to these counts against the Proposed Defendants because the tortious conduct took place well within the three-year statute of limitations.

D.C. Code 12-301(4) also sets out that claims for assault, battery, false arrest and false imprisonment must be made within one year, and thus Rule 15(c)(1)(A) does not allow relation back of Counts One through Four of Plaintiff's Amended Complaint.

However, the Court can and should allow relation back under rule 15(c)(1)(B) because the proposed amendment asserts claims that arose out of the conduct in the original pleading.  Where the identity of an alleged defendants will not be known before the complaint is filed it is appropriate for the court to allow the parties to engage in discovery and to allow the plaintiff to amend the complaint after he has learned the defendant's identity.  *Newdow v. Roberts*, 603 F.3d 1002, 1010 (D.C. Cir. 2010).  The D.C. Courts have allowed relation back in cases where the original complaint named "John Doe" defendants with enough specificity to, "to permit the identity of the party to be ascertained after reasonable discovery." *Hartley v. Wilfert*, 931 F. Supp. 2d 230, 233 (D.D.C. 2013).

Here, Plaintiff did not know the identities of the officers other than Defendant O'Mahoney—due to his concussed and sense-deprived state—until the original Defendants provided responses to interrogatories. In compliance with Rule 15(c)(1)(B), Plaintiff's proposed claims stem from the same tortious conduct alleged in both his original Compliant as well as his Amended Complaint and now alleged more fully in his proposed Second Amended Complaint. The Proposed Defendants should have been—and likely were—on notice of his claims from the moment he notified the District of Columbia that he intended to sue Officer O'Mahoney for the injuries he sustained on February 27, 2015. Proposed Defendants participated in the conduct that

10

arose out of and resulted in Plaintiff's substantial injuries. Plaintiff originally provided notice of his intent to make a claim and sue within the six months required by D.C. Code § 12-309. It is therefore appropriate for this Court to allow these claims to relate back to the date he filed his original complaint on February 29, 2016.

**C. Permissive Joinder of Parties**

FRCP 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. R. 21. In conjunction with the aforementioned Rule, FRCP 20 sets out the following criteria for who may be joined in an action as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transactions, occurrence, or series of transactions; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. R. 20(a)(2). "When asked to decide whether permissive joinder is appropriate, the district court should be guided by the underlying aims of joinder, which include promoting judicial economy, expediting the resolution of disputes, and eliminating unnecessary litigation." *Council on American-Islamic Rels.*, 793 F. Supp. 2d at 323. "Attempts to join a party who satisfies the test for permissive joinder should generally not be denied in the absence of undue prejudice, expense or delay." *Id*.

Here, both the original Defendants and the proposed Defendants were all participants in the traffic stop from which Plaintiff's claims arise. Plaintiffs has the same or overlapping claims for relief against both the original Defendants and the proposed Defendants, and it is appropriate for this Court to exercise its FRCP 21 authority and grant Plaintiff's motion to join Proposed Defendants.

## IV. CONCLUSION

For these reasons, Plaintiff respectfully ask that the Court grant leave to file the attached Second Amended Complaint and join Proposed Defendants. Attached is the proposed order.

        Respectfully submitted,

        /s/ Richard J. Tappan
        Richard J. Tappan, Esq.
        Bar#499813
        6105 Arlington Blvd, Suite G
        Washington, DC 20006
        Ph: (571) 276-9681
        rich.tappan@gmail.com
        Counsel for Plaintiff